**FILED**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCT 15 2014

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

In re:                                       )
                                             )
                                             )         Case No. 13 B 08550
NANCY PIROG,                                 )
                                             )
                                             )
                                             )         Chapter 7
          Debtor.                            )
                                             )
_____)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING APPLICATION OF FRANKGECKER, LLC, ATTORNEYS FOR TRUSTEE, FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $5,270.00 | TOTAL COSTS REQUESTED: | $35.16 |
| TOTAL FEES REDUCED: | $341.50 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $4,928.50 | TOTAL COSTS ALLOWED: | $35.16 |

**TOTAL FEES AND COSTS ALLOWED: $4,963.66**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(1)    Improper Allocation of Professional Resources**

The Court denies the allowance in part of compensation for the following task since a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [Citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."); *In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner).

**(7)    Lumping**

The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

**(12)    Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not

entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Dated: October 15, 2014

_____
Eugene R. Wedoff
United States Bankruptcy Judge

# FrankGecker

www.fgllp.com

September 16, 2014

Miriam R. Stein
Chuhak & Tecson, P.C.
30 South Wacker Drive
Suite 2600
Chicago, IL 60606
In Reference To:   In re: Nancy Pirog
Invoice #6445

FEIN 20-1952153

|  | Hours | Amount |
|---|---|---|

### Asset Investigation

| Date | Description | Hours / Rate | Amount |
|---|---|---|---|
| 4/2/2014 | Review Debtor's schedules regarding Barclay's account (.20); communications with Z. Zielinski regarding same (.20).<br>Micah R. Krohn | 0.40<br>$430.00 | $172.00 |
| 4/3/2014 | Outline research regarding Barclays Bank in connection with issuance of subpoena.<br>Micah R. Krohn | 0.70<br>$430.00 | $301.00 |
| 4/3/2014 | Communications with Barclays employee Bill Divine in connection with issuance of subpoena to Barclays Bank.<br>Micah R. Krohn | 0.20<br>$430.00 | $86.00 |
| 4/3/2014 | Communications with Barclays employee Justin Harrington in connection with issuance of subpoena to Barclays Bank.<br>Micah R. Krohn | 0.20<br>$430.00 | $86.00 |
| 4/3/2014 | Draft two document subpoenas (and cover letters) to Barclays Capital, Inc. and Barclays Bank Delaware. ⓵<br>Micah R. Krohn | 1.30<br>~~$430.00~~<br>375.00 | $559.00<br>-71.50 |
| 4/9/2014 | Communications with litigation manager of Barclays Capital regarding subpoena.<br>Micah R. Krohn | 0.30<br>$430.00 | $129.00 |
| 4/24/2014 | Communications with J. Harrington regarding Barclays production in response to subpoena.<br>Micah R. Krohn | 0.20<br>$430.00 | $86.00 |
| 4/24/201 | Review Barclays document production. ⓵<br>Micah R. Krohn | 1.20<br>~~$430.00~~<br>375.00 | $516.00<br>-66.00 |
| 4/24/2014 | Review schedules and related documents (.7); confer with M. Stein regarding plan of recovery (.3).<br>Zane L. Zielinski | 1.00<br>$375.00 | $375.00 |

325 N. LaSalle, Suite 625 | Chicago, Illinois 60654 | Ph: 312.276.1400 | Fx: 312.276.0035

-137.50

Miriam R. Stein

Invoice Dated: September 16, 2014

|  |  | Hours | Amount |  |
|---|---|---|---|---|
| 4/25/2014 | Teleconference with V. Machcinski regarding turnover of assets in Debtor's Barclays account.<br>Micah R. Krohn | 0.30<br>$430.00 | $129.00 |  |
| 4/25/2014 | Draft demand letter to V. Machcinski regarding turnover of assets in Debtor's Barclays account. ①<br>Micah R. Krohn | 1.00<br>~~$430.00~~<br>375.00 | $430.00 | -55.00 |
| 5/5/2014 | Communications with V. Machcinski regarding turnover of funds in Barclays account and IRS lien asserted against same.<br>Micah R. Krohn | 0.50<br>$430.00 | $215.00 |  |
| 5/6/2014 | Communications with V. Machcinski regarding IRS lien and motion for turnover and accounting of Barclays account.<br>Micah R. Krohn | 0.40<br>$430.00 | $172.00 |  |
| 5/7/2014 | Communications with V. Machcinski regarding contact information in connection with IRS lien asserted on Barclays account.<br>Micah R. Krohn | 0.20<br>$430.00 | $86.00 |  |
| 5/7/2014 | Draft turnover motion and order regarding Barclays account. ①<br>Micah R. Krohn | 1.80<br>~~$430.00~~<br>375.00 | $774.00 | -99.0 |
| 5/20/2014 | Draft letter to V. Machcinski regarding entry of Turnover Order.<br>Micah R. Krohn | 0.30<br>$430.00 | $129.00 |  |
| 6/2/2014 | Communications with V. Machcinski regarding liquidation of Barclays account.<br>Micah R. Krohn | 0.50<br>$430.00 | $215.00 |  |
| 6/3/2014 | Review Barclays payment and draft letter to trustee related to open issues. ⑰<br>Zane L. Zielinski | 0.40<br>$375.00 | $150.00 | -15.0 |

**Total Charges This Matter**                                                    10.90  $4,610.00

-169.00

Miriam R. Stein

Invoice Dated:   September 16, 2014

|  |  | Hours | Amount |
|---|---|---:|---:|
| **Fee and Retention Applications** | | | |
| 5/5/2014 | Draft and revise motion to employ FrankGecker, Trustee's counsel, affidavit of Frances Gecker and proposed order (.70) file and serve same (.20). Christina S. Smith | 0.90 $175.00 | $157.50 −35.00 |
| 5/6/2014 | Review and revise motion to retain. Zane L. Zielinski | 0.20 $375.00 | $75.00 |
| 9/16/2014 | Review and revise fee detail. Christina S. Smith | 0.30 $175.00 | $52.50 |
| **Total Charges This Matter** | | **1.40** | **$285.00** |

- 4 -

−35.00